UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARISSA CARTER, EVELYN GRYS, BRUCE
CURRIER, SHARON KONING, SUE BEEHLER,
MARSHA MANCUSO, and JACLYN CUTHBERTSON,
as individuals and as representatives of the classes,

                        Plaintiffs,

vs.

CIOX HEALTH, LLC f/k/a HEALTHPORT
TECHNOLOGIES, LLC, THE ROCHESTER GENERAL
HOSPITAL, THE UNITY HOSPITAL OF ROCHESTER,
and F.F. THOMPSON HOSPITAL, INC.,

                        Defendants.

Civil Action No.
6:14-CV-06275-FPG

---

## DECLARATION OF JODYANN GALVIN
## IN SUPPORT OF CIOX'S MOTION
## FOR A PROTECTIVE ORDER AND TO QUASH

Jodyann Galvin, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

1. I am a partner at Hodgson Russ LLP, attorneys for defendant CIOX Health, LLC f/k/a HealthPort Technologies, LLC ("CIOX"). I make this declaration in support of CIOX's motion for a protective order: (1) directing that plaintiffs take the deposition of CIOX expert Gregory Trerotola in the ordinary course of expert discovery after this expert disclosure is made and in accordance with case deadlines — not during fact discovery; and (2) barring the deposition of Lori Reel, CIOX's Chief Accounting Officer.

2. On January 23, 2018, plaintiffs' counsel sent four documents: (1) Plaintiffs' Notice of Deposition of CIOX Health, LLC Pursuant to Fed. R. Civ. P. Rule 30(b)(6); (2) Notice of Deposition of Lori Reel; (3) Notice of Deposition of Gregory Trerotola; and (4) a Subpoena to Testify at a Deposition in a Civil Action to Gregory Trerotola. A copy of the letter from plaintiffs' counsel is attached as **Exhibit A**. Copies of the Rule 30(b)(6) Notice, Reel Notice, and Trerotola Notice are attached as **Exhibits B, C,**[1] and **D**, respectively. A copy of the Trerotola Subpoena is attached as **Exhibit E**.

3. I agreed to accept service of the Trerotola Subpoena on January 25, 2018. A copy of the January 25, 2018 letter in which plaintiffs' counsel acknowledged that I agreed to accept service is attached as **Exhibit F**.

**Plaintiff Improperly Seeks the Testimony of CIOX's**
**Expert Witness Outside of the Expert Disclosure Deadlines**

4. The dispute about the Trerotola Subpoena and Notice is very narrow — CIOX objects to the timing of the deposition because plaintiffs are improperly attempting to take Mr. Trerotola's deposition out of order as a so-called "fact" witness. But CIOX has retained Mr. Trerotola as an expert witness. In light of the parties' disagreement about the Trerotola Subpoena and the timing of the deposition, I informally disclosed to plaintiffs' counsel that Mr. Trerotola would serve as CIOX's expert. Because the deadline for expert disclosure is months

---

[1] On February 26, 2018, plaintiffs' counsel served me with an Amended Notice of Deposition of Lori Reel. The amended notice is the same as the original notice but notices Ms. Reel's deposition for April 13, 2018, in Atlanta, Georgia. The amended notice is included as part of Exhibit C. Any reference to Exhibit C or the Reel Notice includes both the original notice and the amended notice.

away, CIOX has not yet disclosed — and is not yet required to disclose — Mr. Trerotola as an expert under Federal Rule of Civil Procedure 26(a)(2).

       5.      The Court has entered two scheduling orders:  the Scheduling Order, dated August 22, 2017 (Dkt. 75); and the Amended Scheduling Order, dated December 18, 2017 (Dkt. 83).  Copies of the Scheduling Order and Amended Scheduling Order are attached as **Exhibits G** and **H**, respectively.

       6.      The Scheduling Order sets the deadline for defendants' expert disclosure at 60 days *after the close of fact discovery* and sets the deadline for completion of all expert discovery at 135 days after the close of fact discovery.  All fact discovery must be complete by August 3, 2018, or 120 days after the Court's ruling on class certification, whichever is later.[2]  Thus, defendants' expert disclosures are due no earlier than October 3, 2018, and expert discovery must be complete by no earlier than December 16, 2018.

       7.      While Mr. Trerotola's work in this matter is underway, he is not prepared to offer any conclusions or submit an expert report at this time.  Mr. Trerotola will be prepared to meet the deadlines in Rule 26 and the Scheduling Order, including appearing for deposition.  At that time, Mr. Trerotola can be asked questions about his work in this case and, if appropriate and non-privileged, in other matters.  In fact, aware that plaintiffs' counsel was interested in Mr. Trerotola's work on the *Ruzhinskaya* matter, CIOX offered, in an effort to resolve the dispute, to provide Mr. Trerotola's deposition transcript.

---

[2]    The Amended Scheduling Order does not affect these deadlines.

8. Plaintiffs' subpoena and notice of deposition for Mr. Trerotola are premature and seek to avoid and disrupt the ordinary course of expert discovery set forth in Federal Rules of Civil Procedure 26(a)(2) and (b)(4) and this Court's Scheduling Order. What plaintiffs are trying to do is to get CIOX's expert to have to testify as a purported "fact witness" (which he is not) in order to turn on its head the order of plaintiffs first expert disclosure, then defendants. This is patently improper[3] and would essentially allow plaintiffs' expert to know exactly what defendants' position will be well before any of plaintiffs' expert disclosure. That is simply not how it works — plaintiffs go first.

9. Plaintiffs have proffered no reason why Mr. Trerotola's deposition should proceed outside of the timeline for expert disclosure. For example, plaintiffs do not claim that his testimony is relevant to plaintiffs' motion for class certification, which is due on April 30, 2018.

10. Plaintiffs' counsel refused to withdraw the Trerotola Notice and Subpoena.

11. Plaintiffs' insistence on proceeding outside of the expert disclosure schedule would result in unnecessary duplication of efforts and additional expense to all, particularly to CIOX. In fact, plaintiffs confirmed they would seek to depose Mr. Trerotola twice — once as a "fact witness" and once during expert discovery.

---

[3] Notably, the discovery schedule was agreed to by plaintiffs and defendants. During those discussions, plaintiffs did not raise the need for expert disclosure or expert witnesses during certification.

**Lori Reel is a High-Ranking Executive and**
**Plaintiffs' Insistence on Deposing Her is Improper**

12. Ms. Reel is CIOX's Chief Accounting Officer. Ms. Reel does not have personal or unique knowledge of the relevant facts at issue, as set forth in detail in the accompanying Declaration of Lori Reel, dated February 22, 2018. CIOX did not disclose Ms. Reel as a witness for this reason. A copy of CIOX's initial disclosures is attached as **Exhibit I**.

13. CIOX's Rule 30(b)(6) witness, whose deposition was noticed for March 19, 2018, is prepared to discuss the very categories of information that plaintiffs claim to require Ms. Reel's testimony for. In fact, the topics in the Rule 30(b)(6) Notice overlap categories of documents plaintiffs command Ms. Reel to produce and the topics that plaintiffs expressed they require testimony on. For example, from CIOX's corporate representative, plaintiffs seek testimony about "CIOX's contracts with the Defendant Hospitals, including but not limited to the terms, drafting, negotiation, and amendment of those contracts" — the very topic related to Ms. Reel's tangential involvement. CIOX has disclosed Amy Creswell, CIOX Senior Vice President of Operations, as its Rule 30(b)(6) witness, and that deposition is currently scheduled for April 12, 2018. The testimony plaintiffs seek is available through that corporate representative. When I told plaintiffs' counsel that we would educate the Rule 30(b)(6) as required on the topics they purportedly seek Ms. Reel's testimony on so they have sworn testimony from CIOX, plaintiffs' counsel responded — erroneously — that this was not proper under Rule 30(b)(6) and retorted that "Even Bill Clinton sat for a deposition." While I am not certain what that comment was intended to mean, I can say that I repeatedly stated that plaintiffs would not be deprived of factual testimony that they claim to require.

**Good-Faith Effort to Resolve Dispute and**
**Certification Pursuant to Fed. R. Civ. P. 26(c)**

14. Defendant CIOX has conferred in good faith in an effort to resolve this dispute without the Court's intervention.

15. On February 8, 2018, I sent a Rule 45 objection letter to plaintiffs' counsel in which I set forth objections to the Trerotola Subpoena. I explained that Mr. Trerotola has no personal knowledge and is an expert witness. I also objected to the document request contained in the subpoena as overbroad and calling for privileged matter. A copy of my February 8 letter is attached as **Exhibit J**.

16. On February 9, 2018, plaintiffs' counsel responded, confirming that plaintiffs sought to depose Mr. Trerotola *as a fact witness*. A copy of the February 9 letter is attached as **Exhibit K**.

17. On February 13, 2018, I sent a letter to plaintiffs' counsel objecting to the Reel Notice as an improper attempt to take the *Apex* deposition of a high-ranking CIOX executive.[4] A copy of the February 13 letter is attached as **Exhibit L**.

18. On February 15, 2018, plaintiffs' counsel and I participated in a telephone conference to discuss CIOX's objections to the Reel Notice, the Trerotola Subpoena, and the Rule 30(b)(6) Notice. The parties did not resolve their disagreement about the Reel Notice or the

---

[4] The February 13 letter also contained CIOX's objections to certain topics in the Rule 30(b)(6) Notice and the location of CIOX's Rule 30(b)(6) deposition and Ms. Reel's deposition in Rochester, New York. Those objections are not at issue in this motion, though they may be raised in a separate motion if the parties cannot resolve their disagreement about the topics.

Trerotola Subpoena.  Notably, CIOX produced Mr. Trerotola's study from the *Ruzhinskaya* action here pursuant to a discovery agreement.  In an effort to resolve the dispute about the timing of the Trerotola deposition, CIOX offered to provide Mr. Trerotola's deposition transcript from the *Ruzhinskaya* matter.  Plaintiffs' counsel refused and refused to withdraw the subpoena.

19.     CIOX respectfully requests that this Court:  (1) order that the deposition of Gregory Trerotola be held in the ordinary course and in compliance with the expert disclosure schedule in this matter; and (2) grant its motion for protective order preventing the deposition of Lori Reel, CIOX's Chief Accounting Officer.

Dated:  March 2, 2018

s/Jodyann Galvin<br>
Jodyann Galvin