# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Marissa Carter, Evelyn Grys, Bruce Currier, Sharon Koning, Sue Beehler, Marsha Mancuso, and Jaclyn Cuthbertson, as individuals and as representatives of the classes, | Case No.: 6:14-cv-06275-FPG |
| Plaintiffs, | |
| vs. | |
| CIOX Health, LLC f/k/a HealthPort Technologies, LLC, the Rochester General Hospital, the Unity Hospital of Rochester, and F.F. Thompson Hospital, Inc., | |
| Defendants. | |

---

## PLAINTIFFS' NOTICE OF DEPOSITION OF CIOX HEALTH, LLC PURSUANT TO FED. R. CIV. P. 30(B)(6)

---

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff will take the deposition of Defendant CIOX Health, LLC ("CIOX"), through one or more of its corporate representatives, on March 19, 2018 (unless another date is mutually agreed upon by the parties), beginning at **9:30 a.m.** and continuing thereafter by adjournment until completed. The deposition will take place before a qualified court reporter at Faraci Lange LLP, 28 East Main Street, Suite 1100, Rochester, NY 14614. In accordance with this Notice of Deposition, CIOX shall identify, at least one week prior to the deposition, all persons who will testify on its behalf regarding the topics listed below. In addition, CIOX shall produce, at least one week prior to the date of the deposition, all documents and tangible things authored by, received by, copied to, or in the possession of any designated corporate representative, and all documents and tangible things which relate to the topics listed below, that are responsive to

1

Plaintiffs' Requests for Production of Documents to CIOX (Set I), which have not already been produced.

### Definitions

All Definitions in Plaintiffs' Requests for Production of Documents to CIOX (Set I) are hereby incorporated by reference and apply fully and equally to the topics described below.

### Matters for Examination

1. CIOX's policies, practices, and procedures for managing medical records, responding to requests for medical records, producing medical records upon request, and responding to ROI requests during the Class Period.

2. CIOX's pricing policies, practices, and procedures (or any changes thereto) for managing medical records, responding to requests for medical records, producing medical records upon request, and responding to ROI requests during the Class Period.

3. Any internal or external audits, assessments, studies, investigations, examinations, reviews, consultant reports, or similar analyses relating to (a) the cost of providing copies of medical records or providing ROI services (whether generally, in New York State, or in connection with requests from patients of the Defendant Hospitals or their representatives); or (b) CIOX's pricing policies, practices, and procedures.

4. The basis for CIOX's $2.00 "electronic delivery fee", and any communications, audits, assessments, studies, investigations, examinations, reviews, consultant reports, or similar analyses relating to the appropriateness of such fee (generally, in New York State, or in connection with requests from patients of the Defendant Hospitals or their representatives).

5. Any Communications with the U.S. Department of Health and Human Services or the New York Department of Health relating to the cost of producing medical records or


responding to ROI requests.

6. Prior litigation involving CIOX's pricing policies, procedures, or practices.

7. The document bates numbered HEALTHPORT015086, including the creation of the document, the source of the information in the document, and what the information in the document represents.

8. Whether and what additional information related to medical records requests is available from the source or database from which the information in the document bates numbered HEALTHPORT015086 was sourced.

9. CIOX's accounting records and practices, including specifically the document bates numbered HEALTHPORT024744, the creation of the document, the sources of the information in the document, what the information in the documents represents, what if any changes were made in CIOX's accounting practices in 2013 versus prior and later years, and the reason for any such changes.

10. The document bates numbered HEALTHPORT024474, including how and by whom the document was created, the source of the information in the document, what the information in the document represents, and how the information in the document relates to, connects with, or functions with regard to other database fields or components.

11. The document bates numbered HEALTHPORT024536, including the creation of the document, the source of the information in the document, what the information in the document represents, and how the information in the document relates to, connects with, or functions with regard to other database fields or components.

12. The other documents produced by CIOX in this Action (or reproduced in this Action from the Prior Class Action), and the source of such documents.

13. CIOX's revenues and expenses relating to the provision of ROI services to each of the Defendant Hospitals, including how CIOX determines what costs and/or expenses are attributable to ROI services.

14. Orientation and training materials, manuals, policies, handbooks, instructions, guidance, directions, procedures, and similar Documents provided to CIOX's employees, agents, or other persons or entities working for CIOX or on CIOX's behalf, which relate to the provision of ROI services.

15. CIOX's marketing activities, including the content of any marketing or informational materials disseminated to its clients, potential clients, or the general public through any media, including social media and CIOX's website. This topic includes, but is not limited to, all representations CIOX made in its marketing materials regarding financial benefits that CIOX could provide to hospitals.

16. CIOX's internal communications and any communications with third-parties regarding New York Public Health Law § 18 or limits on charges for medical records.

17. CIOX's communications with the Defendant Hospitals regarding (a) the provision of medical records or ROI services; (b) the cost of providing medical records or ROI services; (c) charges for responding to medical records requests or providing ROI services (excluding any communications specific to particular records requests); (d) the amounts collected from requestors for providing copies of medical records; or (e) New York Public Health Law § 18 or limits on charges for medical records.

18. CIOX's contracts with the Defendant Hospitals, including but not limited to the terms, drafting, negotiation, and amendment of those contracts.

19. CIOX's (or any of CIOX's affiliates') provision of "courtesy" copies of medical records to the Defendant Hospitals or their designees, including but not limited to the amount of such courtesy copies and the terms under which such courtesy copies were provided.

20. CIOX's systems, databases, and applications used to store or manage electronically stored information ("ESI") pertaining to requests for medical records from health care providers in the State of New York, including:

   a. names of databases and applications;

   b. nature of systems involved, *e.g.*, relational database;

   c. function/purpose of systems;

   d. query languages;

   e. underlying database management system, *e.g.*, Microsoft Sequel Server, Oracle, etc.;

   f. physical location of underlying databases;

   g. applications used to operate underlying databases;

   h. primary users of underlying databases;

   i. database fields and how they are populated;

   j. connections between fields within the databases;

   k. backup/deletion/overwrite/retention protocols for databases and litigation preservation policies in effect as to database contents such as the backup and systems recovery routines;

   l. identity of underlying database administrator(s) throughout the Class Period and division of responsibility among administrators;

   m. time periods during which databases and systems have been in use;

n.  the size of each underlying database;

o.  each underlying database's relation to other underlying databases, if any;

p.  whether/how the underlying databases have been/may be cloned;

q.  age of underlying databases and time span of data stored therein;

r.  any associated legacy database systems to/from which data was exported/imported; and

s.  any tools available to query or report on the data.

Respectfully submitted,

Dated: January 23, 2018

**NICHOLS KASTER, PLLP**

BY: s/ Kai H. Richter
Kai H. Richter, MN Bar #0296545*
Mark E. Thomson, MN Bar #0398260*
*Admitted generally to W.D.N.Y.
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: 612-256-3200
Facsimile: 612-338-4878
krichter@nka.com
mthomson@nka.com

**FARACI LANGE LLP**
Stephen G Schwarz, NY Bar #2008936
Kathryn Lee Bruns, NY Bar #2874063
28 E. Main Street, Suite 1100
Rochester, NY 14614
Telephone: (585) 325-5150
Fax: (585) 325-3285
sschwarz@faraci.com
kbruns@faraci.com

ATTORNEYS FOR PLAINTIFFS