# EXHIBIT J

**Jodyann Galvin**
Partner
Direct Dial: 716.848.1520
*jgalvin@hodgsonruss.com*

February 8, 2018

**By E-Mail and U.S. Mail**

Kai H. Richter, Esq.
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Dear Mr. Richter:

Re: *Marissa Carter, et al. v. CIOX Health, LLC, et al.*;
Civil No. 6:14-cv-06275

This letter addresses plaintiffs' subpoena upon Gregory Trerotola, which we agreed to accept service of on January 25, 2018. Plaintiffs' intent in issuing a subpoena to Mr. Trerotola is unclear. Whether plaintiffs intend to depose Mr. Trerotola as a fact witness or an expert witness, the subpoena is improper. Rule 45 of the Federal Rules of Civil Procedure governs objections related to the subpoena.

**Mr. Trerotola Has**
**No Personal Knowledge**

Mr. Trerotola is not a fact witness with first-hand personal knowledge of the underlying facts. He has never been an employee of CIOX or any predecessor entity, and he had no role in setting CIOX pricing or in CIOX's relationship with the Hospital Defendants. Mr. Trerotola's only role has been as an expert witness in litigated matters where CIOX is a party (discussed below). If plaintiffs have subpoenaed Mr. Trerotola for fact testimony, the court should quash the subpoena as "unreasonably creat[ing] an undue or oppressive burden on [him]" because he has no relevant fact testimony to offer. *See Brown v. City of Syracuse*, 648 F. Supp. 2d 461, 466 (N.D.N.Y. 2009).

**Mr. Trerotola Is**
**An Expert Witness**

Mr. Trerotola has served as an expert witness on behalf of CIOX in a matter, *Ruzhinskaya v. CIOX*, pending in the Southern District of New York. CIOX has engaged Mr. Trerotola in this action to serve as an expert witness. The Court's scheduling order does not require CIOX to disclose experts until October 2, 2018, at the earliest, and CIOX will make its disclosure by that appropriate time. *See* Dkt. 75 ¶ 6; *see also* Dkt. 83 (Amended Scheduling

Kai H. Richter, Esq.
February 8, 2018
Page 2



Order, which does not amend expert disclosure deadlines). Plaintiffs' subpoena for Mr. Trerotola's testimony is premature. "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, *the deposition may be conducted only after the report is provided*." *See* FRCP 26(b)(4)(A); *see also In re Fuller*, 2013 WL 5305317, at *2-*3 (D. Me. Sept. 18, 2013) (denying motion to compel retained expert's compliance with subpoena, and noting that courts "have held that a party cannot use Rule 45 to bypass Rule 26(b)(4) in order to obtain an expert's files"); *Chevron Corp. v. Donziger*, 2012 WL 6634680, at *4 (S.D.N.Y. Dec. 19, 2012) (granting protective order regarding subpoena to not-disclosed experts, and explaining that, "in the event that Chevron ultimately identifies experts to offer testimony for [the] purpose [described in the subpoena], . . . the [subpoenaing party] would be entitled to discovery under Fed.R.Civ.P. 26(a)(2)," and that the subpoenaing party was "not entitled to use subpoenas . . . to obtain broader or earlier disclosure of potential trial witnesses . . . than is thus available to them here under the rule"); *Alber v. United States*, 190 F.R.D. 281, 282 (D. Mass. 2000) (granting motion to quash subpoena served on retained expert "because it improperly circumvent[ed] the discovery schedule").

### The Document Request is Overbroad and Calls For Privileged Matter

Finally, the document request is overbroad, improper, seeks privileged information, and does not seek information that will lead to the discovery of admissible evidence:

> All documents in your possession related to any consulting reports or similar reports you have prepared relating to CIOX Health, LLC or HealthPort Technologies, LLC in the ordinary course of business, or the costs associated with copying medical records or fulfilling requests for information.

Mr. Trerotola will not be producing materials from other cases. When appropriate, he will produce documents related to any analysis he does specifically for this case. *See Application of Am. Tobacco Co.*, 880 F.2d 1520 (2d Cir. 1989) (subpoena quashed where requesting party sought reports created by non-parties).

Mr. Trerotola will be made available to plaintiffs, if appropriate, for deposition in the ordinary course of expert discovery. If plaintiffs' class certification motion requires CIOX to use Mr. Trerotola, CIOX will disclose him at the appropriate time. If you believe amendment to the agreed-upon expert disclosure deadline in the Court's scheduling order is necessary, we are willing to discuss. Otherwise, we believe we can reach a suitable compromise for the time being. Mr. Trerotola has CIOX's permission to release his deposition transcript (in redacted form if needed) from the *Ruzhinskaya* matter in the interim before formal disclosure and preparation of his expert report.

Please withdraw the subpoena. If Mr. Trerotola is forced to move to quash, we will seek all available remedies on the motion, including fees and costs.

Very truly yours,

Jodyann Galvin

JAG/kef

cc: Eric J. Ward, Esq.
Amanda Burns, Esq.
Kathryn Lee Bruns, Esq.
Stephen G. Schwarz, Esq.
Aaron M. Saykin, Esq.