# EXHIBIT L

Case 6:14-cv-06275-FPG-MWP   Document 88-13   Filed 03/02/18   Page 2 of 5

Jodyann Galvin
Partner
Direct Dial: 716.848.1520
jgalvin@hodgsonruss.com



February 13, 2018

**By E-Mail and U.S. Mail**

Kai H. Richter, Esq.
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Dear Mr. Richter:

        Re:   *Marissa Carter, et al. v. CIOX Health, LLC, et al.*;
               Civil No. 6:14-cv-06275

       We received the notice of deposition of Lori Reel and the Rule 30(b)(6) deposition notice, served on January 23, 2018. This letter outlines CIOX's objections to the notices and to initiate a meet-and-confer process. We are hopeful to resolve the issues without court intervention.

**CIOX Objects to
the Reel Notice**

       CIOX objects to the Reel Notice as an improper attempt to take the "Apex" deposition of a high-ranking CIOX executive. Ms. Reel is the Chief Accounting Officer for CIOX. This Court routinely grants protective orders to restrict parties from deposing high-ranking corporate officials, like Ms. Reel, who have no personal or unique knowledge of the relevant facts. *See Roberts v. Los Alamos Nat'l Sec., LLC*, 2015 WL 7444636, at *2 (W.D.N.Y. Nov. 23, 2015); *Alliance Indus., Inc. v. Longyear Holdings, Inc.*, 2010 WL 4323071, at *3 (W.D.N.Y. Mar. 19, 2010). In that role, she has the authority to execute certain contracts on behalf of CIOX. Ms. Reel did sign agreements with Rochester General Hospital and the Unity Hospital of Rochester. She did not draft, review, edit, or finalize the agreements. She was not involved in negotiating the agreements' terms with the hospital defendants. The agreements do not set prices for the release of information services CIOX provides. Ms. Reel has no personal knowledge of the underlying facts, and plaintiffs' attempt to depose her is the exact conduct the Apex deposition rule protects against. *See Roberts*, 2015 WL 7444636, at *3 (rejecting depositions that are "used as a form of leverage or harassment that forces senior officials to spend time in preparing for and attending a deposition when they have little or no pertinent testimony to offer").

       Other CIOX employees possess knowledge of the relevant facts and are available to testify. Plaintiffs simultaneously noticed the deposition of CIOX's corporate designee,

*The Guaranty Building* • *140 Pearl Street* • *Suite 100* • *Buffalo, New York 14202-4040* • *telephone 716.856.4000* • *facsimile 716.849.0349*
*Albany* • *Buffalo* • *New York* • *Palm Beach* • *Saratoga Springs* • *Toronto* • *www.hodgsonruss.com*

Kai H. Richter, Esq.
February 13, 2018
Page 2



requesting production of a witness to discuss the very topic related to Ms. Reel's tangential involvement: "CIOX's contracts with the Defendant Hospitals, including but not limited to the terms, drafting, negotiation, and amendment of those contracts." *See* 30(b)(6) Notice, at Topic 18. CIOX will produce a corporate designee on this topic, and plaintiffs may question that individual (subject to the objections set forth below). Plaintiffs have no need, and are not entitled, to depose Ms. Reel. *See Roberts*, 2015 WL 7444636, at *2 (barring the deposition of the president and CEO of the defendant because "he had no personal knowledge of the case" and because plaintiff had the opportunity to depose witnesses with first-hand knowledge of the matters in this case); *Harris v. Comput. Assocs. Int'l Inc.*, 204 F.R.D. 44, 45-47 (E.D.N.Y. 2001). Plaintiffs can also issue requests for admissions to authenticate the agreements.

Further, even if Ms. Reel's deposition were proper (which it is not), Rochester, New York is not the proper location. The only proper location is Alpharetta, Georgia, CIOX's principal place of business (and where Ms. Reel works).

### CIOX Objects to the Location of and Some Topics in the 30(b)(6) Notice

CIOX will produce Amy Creswell, Senior Vice President Operations, as its corporate designee. She will be prepared to discuss several of the "matters of inquiry" in the 30(b)(6) Notice, subject to the objections set forth below. The Rule 30(b)(6) notice designates Rochester, New York as the location for CIOX's deposition. The proper location for CIOX's deposition is either Alpharetta, Georgia, CIOX's headquarters, or Detroit, Michigan, Ms. Creswell's principal place of business and residence. *See Fuller v. Summit Treestands, LLC*, 2008 WL 3049852, at *2 (W.D.N.Y. Aug. 1, 2008) ("Where a plaintiff seeks to take a deposition of a defendant's corporate representative, there is a general presumption that the deposition will take place at the corporation's principal place of business."). This issue also impacts scheduling on the noticed date, the day before the scheduled court conference. We would be pleased to work cooperatively with the scheduling of this Rule 30(b)(6) deposition. If it becomes apparent that an additional witness might be needed, we will notify you immediately.

Certain "Matters for Examination" are overbroad, unduly burdensome, and call for the disclosure of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs should withdraw or narrow these topics.

**Topic 3.** Plaintiffs request testimony about audits, assessments, studies, investigations, or similar analyses relating to the cost of providing copies of medical records or ROI services, both "generally, in New York State, or in connection with requests from patients of the Defendants Hospitals or their representatives." CIOX's designee will testify about such analyses, if any, related to patients of the Defendant Hospitals or their representatives by CIOX itself. No CIOX Rule 30(b)(6) witness will testify about analyses done or created by expert witnesses in this or other litigation.

**Topic 5.** Plaintiffs request testimony about "communications with the U.S. Department of Health and Human Services or New York Department of Health relating to the

Kai H. Richter, Esq.
February 13, 2018
Page 3



cost of producing medical records or responding to ROI requests." CIOX's designee will testify about such communications, if any, with the New York Department of Health. But Plaintiffs' request for any communications with the U.S. Department of Health and Human Services calls for the disclosure of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, given the claims and defenses in this matter, which center on New York Public Health Law § 18.

**Topic 6.** This topic is overbroad, unduly burdensome, calls for protected privileged matter, and is not likely to lead to the discovery of admissible evidence. CIOX will agree to produce complaints in other matters in New York, but will not provide testimony.

**Topic 12.** Plaintiffs' demand that a witness be prepared to testify about all documents produced by CIOX in this case and in *Ruzhinskaya* is unduly burdensome and outside the scope of a proper Rule 30(b)(6) deposition.

**Topic 16.** Plaintiffs request testimony about internal and third-party communications "regarding New York Public Health Law § 18 or limits on charges for medical records." This topic appears designed to elicit privileged matter. CIOX will provide testimony on this topic, to the extent such communications are not protected by the attorney-client privilege or work-product doctrine.

**Topic 20.** Plaintiffs request testimony about "CIOX's systems, databases, and applications used to store or manage electronically stored information" related to medical records requests from New York State health care providers, including a list of *twenty* subtopics. This request is overbroad and unduly burdensome. CIOX has produced spreadsheets for information for the Defendant Hospitals, and this information mirrors the exact types of information provided in the *Ruzhinskaya* matter (which information was produced by agreement by CIOX). If plaintiffs believe that the information produced was not adequate, then the proper method is through a good-faith process, not by subjecting a corporate representative to deposition. As such, this topic calls for the disclosure of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

CIOX is in the process of locating requested documents and tangible things that have not already been produced. The same objections already interposed with respect to plaintiffs' document requests apply here.

Very truly yours,

Jodyann Galvin

JAG/kef

Kai H. Richter, Esq.
February 13, 2018
Page 4



cc: Eric J. Ward, Esq.
    Amanda Burns, Esq.
    Kathryn Lee Bruns, Esq.
    Stephen G. Schwarz, Esq.
    Mark E. Thomson, Esq.
    Aaron M. Saykin, Esq.
    (via e-mail)