UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARISSA CARTER, EVELYN GRYS, BRUCE
CURRIER, SHARON KONING, SUE BEEHLER,
MARSHA MANCUSO, and JACLYN CUTHBERTSON,
as individuals and as representatives of the classes,

                               Plaintiffs,

vs.

CIOX HEALTH, LLC f/k/a HEALTHPORT
TECHNOLOGIES, LLC, THE ROCHESTER GENERAL
HOSPITAL, THE UNITY HOSPITAL OF ROCHESTER,
and F.F. THOMPSON HOSPITAL, INC.,

                               Defendants.

Civil Action No.
6:14-CV-06275-FPG

---

### DECLARATION OF GREGORY TREROTOLA
### IN SUPPORT OF CIOX'S MOTION
### FOR A PROTECTIVE ORDER AND TO QUASH

Gregory Trerotola, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

1. I am a health care consultant in Andover, Massachusetts. I make this declaration in support of the Defendant CIOX Health, LLC ("CIOX")'s motion for a protective order directing that plaintiffs take my deposition in the ordinary course of expert discovery, after I submit my expert report, and in accordance with this Court's deadlines in this case, and quashing the subpoena served upon me by the plaintiffs.

2.      I received a Subpoena to Testify at a Deposition in a Civil Action, dated January 23, 2018 and signed by Kai Richter, who I understand represents the plaintiffs in this matter. A copy of the subpoena is attached as **Exhibit A**.

3.      The subpoena commands me to appear for a deposition on March 28, 2018, at 9:00 a.m. The subpoena also commands me to produce all documents in my possession "related to any consulting reports or similar reports [I] have prepared relating to CIOX Health, LLC or HealthPort Technologies, LLC in the ordinary course of business, or the costs associated with copying medical records or fulfilling requests for information."

4.      In 2013, I was retained by HealthPort Technologies, LLC, the company to which CIOX is a successor, to conduct a study of the costs of release of information ("ROI") services performed by CIOX at its sites.

5.      I was retained by CIOX to perform a cost study following the Department of Health and Human Services' release of the "Omnibus Rule," which addressed pricing for ROI services related to patient and patient representative requests.

6.      In September 2013, I provided CIOX with a Release of Information Cost Study, documenting the results of my study.

7.      I was retained as an expert by HealthPort Technologies, LLC in *Ruzhinskaya v. HealthPort Technologies, LLC*, 1:14-cv-02921, a matter pending in the United States District Court for the Southern District of New York (the "*Ruzhinskaya* matter"). In connection with my retention in the *Ruzhinskaya* matter, I performed a study and produced an expert report on HealthPort's costs to perform ROI services in New York. I also performed a

study and produced an expert report on HealthPort's costs to perform ROI services at Beth Israel Medical Center.

8. I gave testimony at deposition in the *Ruzhinskaya* matter. That testimony covered both of my expert reports in that case and all materials I relied on, including the 2013 Release of Information Cost Study.

9. Recently, I was retained by CIOX to perform analyses and serve as an expert in the above-captioned matter. My work in this matter is underway but is in its early stages. Accordingly, I am not prepared to make any conclusions and have not yet prepared a report. I will be prepared to submit an expert report and offer my conclusions by the deadline set by this Court, which I understand is some time in the fall of 2018. As in the *Ruzhinskaya* matter, my expert report here will rely, in part, upon the 2013 Release of Information Cost Study.

10. Prior to my retention as an expert in this case, I had not previously analyzed the costs to provide ROI services at either Rochester General Hospital or The Unity Hospital of Rochester. Rather, my knowledge relative to the costs of providing ROI services at those facilities was exclusively developed in association with my retention as an expert in this matter.

11. I have never been an employee of CIOX or any of its predecessor entities. I therefore have no direct, firsthand knowledge of CIOX's business as a fact witness. All of the information I have about CIOX's business was obtained through interviews of CIOX personnel and examination of CIOX's records in the context of being a consultant or an expert witness.

Further, I had no role in setting CIOX's pricing. I also have no direct, firsthand knowledge of CIOX's relationship with RGH and Unity.

12. Because I have no relevant, fact testimony to offer and have no expert conclusions or reports related to this litigation to submit at this time, complying with the subpoena and appearing for deposition at this time would be an undue and oppressive burden.[1]

13. I am available to appear for a deposition related to my expert opinion after I complete and submit my expert report and any reliance materials, including the Release of Information Cost Study, in accordance with this Court's deadlines.

Dated: March 2, 2018

_____
Gregory Trerotola

---

[1] I understand from CIOX's counsel that plaintiffs' counsel has indicated that plaintiffs intend to depose me twice. This does not make sense and is burdensome.