UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARISSA CARTER, EVELYN GRYS, BRUCE CURRIER, SHARON KONING, SUE BEEHLER, MARSHA MANCUSO, and JACLYN CUTHBERTSON, as individuals and as representatives of the classes,

          Plaintiffs,

v.

CIOX HEALTH, LLC f/k/a HEALTHPORT TECHNOLOGIES, LLC, THE ROCHESTER GENERAL HOSPITAL, THE UNITY HOSPITAL OF ROCHESTER, and F.F. THOMPSON HOSPITAL, INC.,

          Defendants.

Case No.
6:14–CV–06275-FPG-MWP

---

## DECLARATION OF LORI REEL

STATE OF GEORGIA  )
          )
COUNTY OF FULTON  )

  COMES NOW, Lori Reel, pursuant to 28 U.S.C. § 1746, and declares upon penalty of perjury as follows:

  1.  My name is Lori Reel. I am over the age of eighteen (18) years and otherwise competent to testify to the matters stated herein. I make this Declaration based upon my personal knowledge and my review of the relevant business records regarding the issues that form the subject matter of this action, certain of which are referred to herein.

  2.  I am currently employed by CIOX Health, LLC ("CIOX") as the Chief Accounting Officer ("CAO"), which is a key officer of the company.

  3.  I have been employed by CIOX as the CAO since 2009.

4. As part of my job responsibilities as CAO, I am the authorized company executive to execute certain contracts and bind CIOX thereunder.

5. On behalf of CIOX, I executed the agreement with Rochester General Hospital (the "Rochester Agreement").

6. On behalf of CIOX, I executed the agreements with Unity Hospital of Rochester (the "Unity Agreement").

7. I did not execute the agreement with F.F. Thompson Hospital, Inc. (the "Thompson Agreement," and together with the Rochester Agreement and the Unity Agreement, the "Agreements"). The Thompson Agreement was executed on or about July 20, 2007 by a corporate representative authorized to bind CIOX's predecessor-in-interest, Smart Document Solutions, LLC. I did not execute the Thompson Agreement because the execution of the same predates my role as CAO for CIOX.

8. While I am the responsible corporate executive authorized to execute certain contracts on behalf of CIOX, I do not possess particular or unique knowledge about the specific terms or conditions contained in the Rochester or Unity Agreements I executed. Further, because the execution of the Thompson Agreement predates my role as CAO for CIOX, I do not possess particular or unique knowledge about the specific terms or conditions contained in the Thompson Agreement.

9. I was not involved in drafting the Agreements or negotiating with the Hospital Defendants over the specific terms and conditions of the Agreements.

10. I was not involved in the negotiation of the pricing, costs, and services associated with the release of information services ("ROI Services") CIOX provides to the Hospital Defendants.

11. I did not participate in reviewing, editing, or finalizing the Agreements prior to execution.

12. In general, pricing for CIOX's ROI Services is based wholly upon what is allowed by state or federal laws. The written agreements with healthcare facilities rarely address pricing to requestors. Before executing the written agreement with healthcare facilities, I would not have reviewed the terms relating to the pricing for the ROI Services nor the costs associated with such service.

13. Because I (i) did not draft the Agreements, (ii) was not involved in negotiating with the Hospital Defendants over the specific terms and conditions of the Agreements, (iii) was not involved in the negotiation of the pricing, costs, and services associated with the ROI Services CIOX provides to the Hospital Defendants, and (iv) did not participate in reviewing, revising, editing, or finalizing the Agreements prior to execution, I do not have any unique or personal knowledge of the relevant facts regarding CIOX's contractual relationship with the Hospital Defendants and the ROI Services it provides the Hospital Defendants.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

*Lori Reel*
LORI REEL, Declarant

DATE: 2/22/18