UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Marissa Carter, Evelyn Grys, Bruce Currier,
Sharon Koning, Sue Beehler, Marsha Mancuso,
and Jaclyn Cuthbertson, as individuals and as
representatives of the classes,

      Plaintiffs,    Case No.: 6:14-CV-06275

vs.

CIOX Health, LLC f/k/a HealthPort Technologies,
LLC, the Rochester General Hospital, the Unity
Hospital of Rochester, and F.F. Thompson
Hospital, Inc.,

      Defendants.

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO CIOX HEALTH, LLC'S
MOTION FOR A PROTECTIVE ORDER AND TO QUASH**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

STANDARD OF REVIEW ........................................................................................2

ARGUMENT ..............................................................................................................2

I.   M<small>S</small>. R<small>EEL</small> I<small>S A</small> P<small>ROPER</small> W<small>ITNESS</small> ...............................................................2

    A.   Ms. Reel Has Unique Knowledge of CIOX's Accounting Practices .................... 2

    B.   Ms. Reel's Execution of the Underlying Contracts with the Defendant
        Hospitals Is a Separate Source of Relevant and Unique Personal Knowledge..... 4

    C.   Ms. Reel's Deposition Is Not an "Apex" Deposition............................................ 5

II.   M<small>R</small>. T<small>REROTOLA</small> I<small>S A</small> P<small>ROPER</small> W<small>ITNESS</small> ...................................................7

    A.   Plaintiffs Seek to Depose Mr. Trerotola as a Fact Witness, Not an Expert
        Witness .................................................................................................................. 7

    B.   Mr. Trerotola's Reports for CIOX Make Him a Proper Fact Witness .................. 8

    C.   Deposing Mr. Trerotola as a Fact Witness Will Not Be Duplicative or
        Wasteful ................................................................................................................ 9

CONCLUSION..........................................................................................................10

**PRELIMINARY STATEMENT**

Plaintiffs have served just three targeted deposition notices on defendant CIOX and its employees and agents: (1) a 30(b)(6) notice to CIOX, (2) an individual notice to its chief financial officer and the signatory to its contracts with the defendant hospitals (Lori Reel), and (3) an individual subpoena to a consultant for CIOX (Gregory Trerotola) who prepared studies for CIOX in the ordinary course of business (not as a litigation expert), which have been produced in this case, regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1] Instead of cooperating with these notices, CIOX has sought to frustrate all three of them. Specifically, CIOX has asserted a number of objections to the Rule 30(b)(6) notice (which are not the subject of the instant motion),[2] and now has filed a motion to completely quash the other two notices. This type of stonewalling is inimical to the Federal Rules and the orderly functioning of discovery, and should not be condoned by this Court. CIOX is not entitled to produce only one witness of its choosing on topics of its choosing.

Aside from this context, CIOX ignores important grounds for the depositions at issue. With respect to Ms. Reel, CIOX focuses exclusively on the fact that she signed the contracts with the hospital defendants (by itself, a sufficient basis to take her deposition), and completely ignores her accounting role. Ms. Reel's unique personal knowledge of CIOX's accounting practices is critically important in a case that will turn largely on accounting (*i.e.*, which costs to attribute to the fulfilment of records requests), and Plaintiffs are entitled to take her deposition. Although CIOX attempts to cast Ms. Reel as an untouchable "apex" witness, she is not immune from discovery – especially in light of her knowledge of matters directly relevant to this case.

---

[1] The only other deposition notices that Plaintiffs have served are 30(b)(6) notices to the defendant hospitals and an individual notice to hospital witness Judy Kelly. Plaintiffs have not come close to noticing the ten depositions allowed as a matter of right under Rule 30.

[2] *See Declaration of Kai Richter ("Richter Decl."), Ex. 1.*

1

As for Mr. Trerotola, CIOX pretends that Plaintiffs seek to depose him as an expert rather than a fact witness. As Plaintiffs have explained to CIOX, Mr. Trerotola's deposition will not concern his work as an expert witness in this or any other case. Instead, Plaintiffs seek to discover information about two studies Mr. Trerotola authored as a business consultant for CIOX, which concern ███████████████████████████████████. *See ECF No. 88-12*, *Galvin Decl., Ex. K*. These studies have been produced by CIOX in this case, *see Richter Decl., Exs. 2-3*, and Plaintiffs are clearly entitled to ask Mr. Trerotola about them as the author of the studies. Accordingly, CIOX's motion should be denied as to both witnesses.

## STANDARD OF REVIEW

The party seeking a protective order "must carry a heavy burden to demonstrate good cause." *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984). This burden is especially heavy when a party seeks to entirely foreclose a deposition. *See also Naftchi v. New York Univ. Med. Ctr.*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997) ("[I]t is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition."). CIOX does not come close to meeting its heavy burden here.

## ARGUMENT

I. MS. REEL IS A PROPER WITNESS.

   A.   Ms. Reel Has Unique Knowledge of CIOX's Accounting Practices.

Defendants completely ignore the primary reason that Plaintiffs seek to depose Ms. Reel: her unique knowledge of CIOX's accounting practices as CIOX's Chief Financial Officer. There is no question that CIOX's accounting practices bear on the issues in this case, as the central dispute is whether the fees that CIOX charged for copying medical records exceeded the cost to produce such records. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 53 (2d Cir. 2016) ("The Complaint allege[s] that the fees charged by HealthPort and paid by plaintiffs substantially

2

exceeded the cost to produce the requested medical records and included "built-in kickback[s] from HealthPort to" the respective Hospitals.")

CIOX cannot—and does not—dispute that Ms. Reel is a proper witness on the topic of CIOX's accounting practices.[3] As CIOX's Chief Accounting Officer, "she is responsible for all aspects of the company's accounting functions, for planning and directing ledger accounts, financial statements, and cost control systems." *See Richter Decl., Ex. 5.* By virtue of this role, Ms. Reel is uniquely positioned to testify about (among other things): (1) CIOX's costs in connection with medical records requests, (2) the components of those costs, (3) CIOX's systems for tracking those costs, (4) the manner in which CIOX allocates those costs; (5) the extent to which CIOX tracked, recorded, or measured any costs incurred by its hospital clients (including the defendant hospitals) in connection with medical records requests; (6) the cost of producing free "courtesy" copies to the defendant hospitals under its contracts;[4] and (7) why excess "courtesy" copies to the hospitals (above the generous amount that was allowed) were billed at $0.15/page, while patients were billed $0.75/page. Thus, even if this were an "Apex" deposition (which it is not, *see infra* at 5-6), Plaintiffs are entitled to take Ms. Reel's deposition because she

---

[3] Instead, CIOX creates two transparent diversions. First, CIOX complains that "plaintiffs do not identify any particular matters about which they wish to depose Ms. Reel." *Def's Mem. at 3*. But this is not a 30(b)(6) deposition. Plaintiffs noticed Ms. Reel's deposition pursuant to Fed. R. Civ. P. 30(b)(1), which does not require the provision of any topics in a deposition notice. Second, CIOX asserts that Plaintiffs seek to depose Ms. Reel "presumably solely because Ms. Reel executed the Agreements with the Hospital Defendants on behalf of CIOX." *Def's Mem. at 8*. CIOX knows better than this. A letter sent by Plaintiffs' counsel to CIOX's counsel states that Ms. Reel is a proper email custodian because she "was intimately involved in CIOX's accounting practices, which are relevant to Plaintiffs' claims." *Richter Decl., Ex. 4*. Plaintiffs' counsel reiterated this point when discussing Ms. Reel's deposition during the parties' meet-and-confer on February 15, 2018. *Richter Decl. ¶ 4*.

[4] *See, e.g., Richter Decl., Ex. 6 at ¶ 5* (offering to "reproduce one and one-half (1.5) professional courtesy pages [to F.F. Thompson] for every one (1) billable page, with additional professional courtesy pages (those exceeding the ratio) scanned/copied at a rate of 15¢ per page.").

3

"possess[es] unique personal knowledge related to the relevant issues in the case." *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, 2008 WL 5099957, at *1 (S.D.N.Y. Dec. 3, 2008).

      **B.**    **Ms. Reel's Execution of the Underlying Contracts with the Defendant Hospitals Is a Separate Source of Relevant and Unique Personal Knowledge.**

Aside from Ms. Reel's unique knowledge of CIOX's accounting, she is CIOX's sole signee to its contracts with Rochester General Hospital and The Unity Hospital of Rochester. *See Richter Decl., Exs. 7-8.* This is a separate and independent reason for taking her deposition in this case.

Ms. Reel states in her declaration that she did not even "review[]…the Agreements prior to execution." *Reel Decl. (ECF No. 88-16), ¶ 11.* Ms. Reel's assertion that she was a mere robo-signer for these contracts is, quite simply, shocking. Regardless, it does not excuse Ms. Reel from appearing for her deposition. *See Less v. Taber Instrument Corp.*, 53 F.R.D. 645, 647 (W.D.N.Y. 1971) ("A claim that [the witness] has no knowledge of any relevant facts should not be allowed to prevent his examination, since plaintiff is entitled to test his lack of knowledge."); *Overseas Exch. Corp v. Inwood Motors, Inc.*, 20 F.R.D. 228, 229 (S.D.N.Y. 1956) ("The mere fact that the officers of the defendant state by affidavit that they have no knowledge of the facts is no reason why they should not be examined….The examining parties are entitled to explore these subjects and test the truth of the statements of complete lack of knowledge so as to be in the position to bar the officers from testifying at the trial if the facts so indicate.").

Plaintiffs should be given an opportunity to test Ms. Reel's astonishing statement that she signed these contracts without a clue of what was in them. Even if Ms. Reel's statement is true, her disengagement with the contractual process would itself be significant.[5]

---

[5] CIOX's citation to *Roberts v. Los Alamos Nat'l Sec., LLC*, 2015 WL 7444636 (W.D.N.Y. Nov. 23, 2015), is not to the contrary. That case states that the University of Rochester's Vice President "signed off on" a policy, but it is unclear from this phrasing whether the employee was the policy's literal signee (like Ms. Reel) or whether, in the phrase's colloquial meaning, he

### C.   Ms. Reel's Deposition is Not an "Apex" Deposition.

Knowing that Plaintiffs have good reasons for taking Ms. Reel's deposition (one of which CIOX sweeps under the rug), CIOX cites certain cases dealing with so-called "apex" depositions as a trump card, arguing in essence that Ms. Reel is simply too important to have her deposition taken in this case. However, this case law does not immunize Ms. Reel from her deposition notice. "Highly-placed executives are not immune from discovery." *Consol. Rail Corp. v. Primary Indus. Corp.*, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993). "Moreover, the fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." *CBS, Inc.*, 102 F.R.D. at 822. "[B]ecause principles relating to apex witnesses are in tension with the broad availability of discovery,…it is important to excuse a witness from giving testimony only in compelling circumstances." *Chevron Corp. v. Donziger*, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013).

Ms. Reel is not the type of witness that the "apex" deposition doctrine is designed to protect. Courts that apply this doctrine do so to prevent "unreasonably cumulative or duplicative" discovery, and are alert to the "likelihood of harassment and business disruption." *Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001). The cases cited by CIOX exemplify this approach. *See, e.g.*, *Roberts v. Los Alamos Nat'l Sec., LLC*, 2015 WL 7444636, at *1 (W.D.N.Y. Nov. 23, 2015) (Vice President and Vice Provost of the University of Rochester had no personal knowledge of facts concerning plaintiff's work injuries); *Milione v. City Univ. of New York*, 950 F. Supp. 2d 704, 707 (S.D.N.Y. 2013), *aff'd*, 567 F. App'x 38 (2d Cir. 2014) (CUNY Chancellor had no personal knowledge of the employment of a research associate);

---

merely did not object to the policy. *Id.* at *3. Moreover, the court in *Roberts* concluded that the plaintiff's "primary reason for seeking to depose [the Vice President] is born out of [his] high-level positions…and plaintiff's belief that, by virtue of those positions[,] [he] must know something." *Id.* This blind grasping at high-level employees bears no resemblance to the situation here, where Plaintiffs seeks to depose CIOX's accountant and contract signee in a suit concerning CIOX's accounting and contracts.

5

*Burns v. Bank of Am.*, 2007 WL 1589437, at *4 (S.D.N.Y. June 4, 2007) (General Counsel of Bank of America "did not begin working at Bank of America until 2004, well after the events at issue in this litigation"); *Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 46-47 (E.D.N.Y. 2001) (CEO was not "involved in the personnel decisions that are claimed by plaintiff to constitute adverse employment action").

Ms. Reel's circumstances do not resemble those of the employees in the above cases. Those employees were far removed from the conduct underlying the lawsuit. They were top executives being asked to testify about attenuated incidents (*e.g.*, a workplace injury or the termination of a junior employee), and their jobs were unrelated to the claims at issue. By contrast, this is a class action lawsuit concerning charges and costs for producing medical records to hospital patients, and Ms. Reel has direct personal knowledge about (1) how CIOX accounts for those charges and costs and (2) the underlying hospital contracts (which she signed).

Notably, like the purported "apex" witness in *Naftchi*, Ms. Reel's declaration "does not say that [s]he lacks ***any*** information pertinent to the lawsuit or that could lead to relevant evidence." 172 F.R.D. at 133 (emphasis added). Indeed, she completely fails to address her knowledge of the company's accounting practices. Therefore, "there is no basis for precluding a deposition of [her] altogether." *Id.*

Moreover, Ms. Reel's position does not resemble those of the witnesses in the cases cited by defendants. Those witnesses were founders, CEOs, general counsel, or university chancellors or vice presidents. The position of chief accounting officer does not reside in the same tier. Indeed, Plaintiffs were unable to identify a single case in which a court issued a protective order to prevent the purported "apex" deposition of a company's chief accounting officer.

6

### II. MR. TREROTOLA IS A PROPER WITNESS.

#### A. Plaintiffs Seek to Depose Mr. Trerotola as a Fact Witness, Not an Expert Witness.

As with Ms. Reel, CIOX seeks to prevent Mr. Trerotola's deposition by ignoring Plaintiffs' basis for deposing him. At least twice, CIOX has retained Mr. Trerotola as a consultant for its business—not for litigation. In this role, Mr. Trerotola has authored two studies ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See Richter Decl., Exs. 2-3*. CIOX has produced these studies in this litigation. *Id.* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Plaintiffs have repeatedly made clear that they seek to depose Mr. Trerotola as a fact witness on the topic of these studies. Plaintiffs' subpoena to Mr. Trerotola requests documents "related to any consulting reports or similar reports you have prepared." *ECF No. 88-6*, *Galvin Decl., Ex. E*. Later, Plaintiffs' counsel sent a letter to CIOX's counsel stating, "[t]o clarify, Plaintiffs have subpoenaed Mr. Trerotola as a fact witness, not as an expert witness….Plaintiffs' deposition of Mr. Trerotola will focus on [his studies], not any work he may have done as an expert witness for purposes of litigation." *ECF No. 88-12*, *Galvin Decl., Ex. K*. And during the parties' February 15, 2018 meet-and-confer, Plaintiffs' counsel reiterated Plaintiffs' intent to depose Mr. Trerotola as a fact witness. *Richter Decl. ¶ 4*. CIOX's counsel's own declaration states that Plaintiffs "confirm[ed] that [they] sought to depose Mr. Trerotola *as a fact witness*." *ECF No. 88-1*, *Galvin Decl. ¶ 16* (emphasis in original). Nonetheless, much of CIOX's argument concerning Mr. Trerotola presupposes that Plaintiffs have subpoenaed Mr. Trerotola to conduct an expert deposition. *See Def's Memo at 10-11*. For example, CIOX discusses the expert disclosure deadline and cites case law regarding obtaining expert reports during discovery. *Id.* This portion of CIOX's memorandum is baffling and irrelevant.

7

### B. Mr. Trerotola's Reports for CIOX Make Him a Proper Fact Witness.

CIOX asserts that Mr. Trerotola has "no direct, firsthand knowledge of the relevant facts at issue." *Def's Mem. at 12*. Mr. Trerotola's consultant studies belie this assertion. For his 2013 study, Mr. Trerotola ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ It is uncontroversial that a consultant who has prepared a report or study for a company outside the scope of litigation may be deposed as a fact witness. *See, e.g., Occidental Chem. Corp. v. OHM Remediation Servs. Corp.*, 175 F.R.D. 431, 437 (W.D.N.Y. 1997) ("Rust employees will testify as fact witnesses based on their observations as engineering consultants."); *U.S. Bank Nat. Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 138 (S.D.N.Y. 2015) (holding that consultant who authored relevant report "would appear to be [a] critically important fact witness[]"); *Barkwell v. Sturm Ruger Co.*, 79 F.R.D. 444, 445-46 (D. Alaska 1978) (permitting deposition of defendant's expert witness as fact witness concerning expert's prior work for defendant as an independent consultant). CIOX cites no case to the contrary, and in fact, no cases at all.[6]

CIOX further argues that Mr. Trerotola is not a proper witness because the "[a]ny documents [he] might possess related to the demand in the subpoena" were "created in the ordinary course of Mr. Trerotola's business," and "[t]he issues in this case are what happens in the course of *CIOX's* business, not Mr. Trerotola's." *Def's Mem. at 12-13* (emphasis in original). This ignores the fact that Plaintiffs' subpoena requests documents "related to any consulting reports or similar reports you have prepared

---

[6] Although CIOX invents a lofty new standard for fact witnesses—"direct, firsthand knowledge"—out of thin air, Mr. Trerotola nonetheless satisfies that standard ▮▮▮▮▮▮▮▮▮▮▮▮

*relating to CIOX Health, LLC or Healthport Technologies, LLC* in the ordinary course of business." *ECF No. 88-6*, *Galvin Decl., Ex. E* (emphasis added). The request is tailored to include only documents related to CIOX's business. In fact, by producing Mr. Trerotola's consulting reports, CIOX has already shown that the reports are relevant to this case. Thus, Mr. Trerotola is clearly a proper fact witness in this case.

### C. Deposing Mr. Trerotola as a Fact Witness Will Not Be Duplicative or Wasteful.

CIOX may not impede Plaintiffs' access to relevant fact discovery until the expert discovery period. Witnesses who possess both fact testimony and expert testimony routinely sit for fact depositions. *See, e.g.*, *Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, 2013 WL 6052076, at *1 (D. Conn. Nov. 15, 2013) ("Defendants deposed Mr. Budike in his capacity as a primary fact witness for five (5) days, and in his capacity as an expert witness for two (2) days."); *Grinnell Corp. v. Hackett*, 70 F.R.D. 326, 331 (D.R.I. 1976) ("It is undisputed that the Steelworkers sought to conduct these depositions solely to obtain background information concerning [a report written by the witness]. It is further undisputed that Report No. 6 was not prepared in anticipation of litigation or for trial….Since the information sought from these experts was not acquired in anticipation of litigation or for trial, Rule 26, as I interpret it, would permit their deposition…."). CIOX ignores this case law, and cites no authority to the contrary.

This is not an "attempt to upset the ordinary course of expert discovery," as CIOX claims. *Def's Mem. at 12*. Rather, Plaintiffs seek to depose Mr. Trerotola as a *fact* witness during *fact* discovery. Should Defendants later retain Mr. Trerotola as an expert witness in this case, and Plaintiffs seek to depose him as an expert, Plaintiffs will not object to counting each of Mr. Trerotola's depositions against the total of ten depositions that Plaintiffs are presumptively allowed under Fed. R. Civ. P. 30.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny CIOX's motion for a protective order and to quash.

Respectfully submitted,

Dated: March 19, 2018                              **NICHOLS KASTER, PLLP**

BY: s/Kai H. Richter
Kai H. Richter, MN Bar #0296545*
Mark E. Thomson, MN Bar #0398260*
*Admitted generally
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: 612-256-3200
Facsimile: 612-338-4878
krichter@nka.com

**FARACI LANGE LLP**
Stephen G Schwarz, NY Bar #2008936
Kathryn Lee Bruns, NY Bar #2874063
28 E. Main Street, Suite 1100
Rochester, NY  14614
Telephone: (585) 325-5150
Fax: (585) 325-3285
sschwarz@faraci.com
kbruns@faraci.com
*Attorneys for Plaintiffs*