# EXHIBIT 4



**Kai Richter**  
Direct: (612) 256-3278  
Fax: (612) 338-4878  
krichter@nka.com

4600 IDS Center  
80 South Eighth Street  
Minneapolis, MN 55402  
(877) 448-0492

February 2, 2018

**VIA EMAIL**

Jodyann Galvin  
The Guaranty Building  
140 Pearl Street, Suite 100  
Buffalo, New York 14202  
jgalvin@hodgsonruss.com

      RE:    *Carter v. CIOX Health, LLC*, No. 6:14-CV-06275 (W.D.N.Y.)

Dear Jody,

This letter responds to Defendants' (CIOX, RGH, and Unity) email of January 30, 2018 regarding Plaintiffs' proposed email search terms. Please advise as to your availability early next week for a meet and confer to discuss these issues, as well as the issues raised in Plaintiffs' letter of January 26, 2018.

**Custodians (CIOX, RGH, Unity)**

We do not agree with Defendants' rejection of Lori Reel, Paul Parrish, and Brian Grazzini as custodians for CIOX. As CIOX's Chief Accounting Officer during the class period, Ms. Reel was intimately involved in CIOX's accounting practices, which are relevant to Plaintiffs' claims. Likewise, CIOX's budgeting practices and fiscal functions—which are handled by its Chief Financial Officer—directly bear on Plaintiffs' claims. Because Mr. Parrish and Mr. Grazzini held that position for CIOX/HealthPort during the class period, they are appropriate custodians.

As to the proposed custodians for RGH and Unity, Plaintiffs wish to further discuss which employees were primarily responsible for and most knowledgeable about the hospitals' finances and practices related to requests to release medical records.

**Email Searches (CIOX, RGH, Unity)**

Before the parties discuss narrowing Plaintiffs' proposed search terms, two general searches are appropriate. Defendants should produce all emails that any custodian sent to or received from any other Defendant's email domain (including F.F. Thompson). For example, all emails that a CIOX custodian sent to or received from a Rochester General Hospital email address (ending in "rochesterregional.org") should be produced. Additionally, to the extent any custodian maintained an email folder relating to another Defendant (including F.F. Thompson), all emails contained in that folder should be produced.

Further, before Plaintiffs consider narrowing any of their proposed search terms, Plaintiffs request that Defendants run searches using Plaintiffs' original proposed terms. Defendants should then inform Plaintiffs of the number of results produced by each proposed search term. To the extent certain terms do not produce a burdensome quantity of emails, Defendants should produce those emails. For any term that hits on an onerous quantity of emails, Plaintiffs will consider revisions.

Additionally, Plaintiffs propose two more search terms to be included in Defendants' initial searches:

- HHS or (health /3 "human services") or "Department of Health" or (dept. /3 health)
- Spiro or Ruzhinskaya or Finrock or Shelton or Verisma

***

I look forward to your response to the issues noted above.

Sincerely,

**NICHOLS KASTER, PLLP**

Kai Richter

cc:   Aaron Saykin (via email)
      Amanda Burns (via email)
      Eric Ward (via email)