UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARISSA CARTER, et al.,

                    Plaintiffs,

       v.

CIOX HEALTH, LLC,
f/k/a HealthPort Technologies, LLC, et al.,

                    Defendants.

_____

DECISION & ORDER

14-CV-6275G

        Plaintiffs Marissa Carter, Evelyn Grys, Bruce Currier, Sharon Koning, Sue Beehler, Marsha Mancuso, and Jaclyn Cuthbertson ("plaintiffs") commenced this putative class action against CIOX Health, LLC, formerly known as HealthPort Technologies, LLC, the Rochester General Hospital, the Unity Hospital of Rochester, and the F.F. Thompson Hospital, Inc. ("defendants") alleging that they systematically overcharged patients who requested copies of their medical records, in violation of New York Public Health Law § 18. Currently pending is defendants' motion to stay this matter pending resolution of an appeal before the Second Circuit in a similar case, *Spiro v. HealthPort Technologies, LLC*, 18-1034 (2d Cir. 2018) ("*Ruzhinskaya*").[1] (Docket # 115). Plaintiffs join defendants' request to the extent it seeks a stay pending a decision from the Second Circuit in the *Ruzhinskaya* matter. (Docket # 116).

        "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also*

---

[1] The notice of appeal in the matter was filed by plaintiff Tatyana Ruzhinskaya. (*See* 18-1034 at Docket # 1)

*Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[t]he [d]istrict [c]ourt has broad discretion to stay proceedings as an incident to its power to control its own docket"). In determining whether to exercise its discretion to enter a stay, a court should consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil ligation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Fairbank Reconstruction Corp. v. Greater Omaha Packing Co.*, 2014 WL 693001, *1 (W.D.N.Y. 2014); *see also McCracken v. Verisma Sys., Inc.*, 2018 WL 4233703, *2 (W.D.N.Y. 2018) (above-articulated factors must be considered in determining whether to stay proceedings pending decision in *Ruzhinskaya*).

Weighing these interests, this Court finds that a stay is warranted. Given the lack of opposition, there is little prejudice to the plaintiffs, and the interests of the defendants, the Court, the public, and possible nonparties are all advanced by a stay pending decision from the Second Circuit that "will provide invaluable guidance to the Court on key trial issues in this case." *See McCracken v. Verisma Sys., Inc.*, 2018 WL 4233703 at *4.

## CONCLUSION

For the reasons stated above, defendants' motion to stay the proceedings **(Docket # 115)** is **GRANTED**. Within seven (7) days of the issuance by the Second Circuit of its

decision in *Ruzhinskaya*, counsel shall confer and submit to this Court a jointly-proposed amended scheduling order.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                                 United States Magistrate Judge

Dated: Rochester, New York
         December 21, 2018