UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARISSA CARTER, *et al.*,

                Plaintiffs,

        v.                            Case # 6:14-CV-6275-FPG-MWP
                                               DECISION AND ORDER

CIOX Health, LLC, *et al.*,

                Defendants.
_____

## INTRODCUTION

    Marissa Carter, Evelyn Grys, Bruce Currier, Sharon Koning, Sue Beehler, Marsha Mancuso, Brad S. Tiefel, as administrator of the estate of Jaclyn Cuthbertson, and the class they purport to represent[1] (collectively, "Plaintiffs") assert claims against the Rochester General Hospital, the Unity Hospital of Rochester, F.F. Thompson Hospital, Inc., (collectively, "Hospital Defendants") and CIOX Health LLC, f/k/a HealthPort Technologies, LLC ("Ciox") (together with the Hospital Defendants, "Defendants") under New York Public Health Law ("PHL") § 18, New York General Business Law ("GBL") § 349, and New York common law. *See* ECF No. 48 (Amended Complaint). Presently before the Court is: (1) Defendants' motion for judgment on the pleadings, ECF No. 134; and (2) Plaintiffs' motion for leave to file a second amended complaint, ECF No. 140. For the following reasons, Defendants' motion for judgment on the pleadings is GRANTED, and Plaintiffs' motion is DENIED.

---

[1] No class has been certified by the Court.

## PROCEDURAL HISTORY

This action commenced on May 20, 2014.  ECF No. 1.  Defendants filed motions to dismiss the complaint, ECF No. 9, 20, 21, which were granted on March 31, 2015, ECF No. 37.  After an appeal, the case was reopened,[2] and on July 18, 2016, Plaintiffs filed an amended class action complaint, ECF No. 48.[3]  After an extension of time was granted, ECF No. 51, Ciox, the Rochester General Hospital, and the Unity Hospital of Rochester filed a joint motion to dismiss, ECF No. 52. On the same day, F.F. Thompson Hospital answered the Amended Complaint and filed a cross claim against Ciox, ECF No. 53, which Ciox answered on September 14, 2016, ECF No. 55.  The Court granted in part and denied in part the joint motion to dismiss,[4] ECF No. 64, and the outstanding answers to the Amended Complaint were filed, ECF No. 65-67.  F.F. Thompson Hospital's cross claim against Ciox was ultimately voluntarily dismissed.  ECF No. 105.

The parties engaged in discovery and settlement discussions, but discovery was limited by various stays that were imposed pending decisions in cases with similar claims—*Spiro v. HealthPort Techs., LLC*, No. 18-1034 (2d Cir. Apr. 11, 2018) and *Ortiz v. CIOX Health, LLC*, 35 N.Y.3d 1001 (2020) (accepting certified question).  After those cases were decided, Defendants filed a joint motion for judgment on the pleadings on December 14, 2021.  ECF No. 134.  After an extension of time was granted, Plaintiffs filed a motion for leave to file a second amended complaint on January 14, 2022.  ECF No. 140.

---

[2] The Court had dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing.  *See* ECF No. 37 at 10.  The Second Circuit vacated the Court's decision after concluding that Plaintiffs adequately pled that they had been injured.  ECF No. 43 at 3.

[3] The Amended Complaint was filed to account for Ciox's name and corporate ownership change from HealthPort Technologies, LLC to CIOX Health, LLC.

[4] Specifically, the Court limited Plaintiffs' unjust enrichment claims pursuant to the applicable three-year statute of limitations, ECF No. 64 at 18, and dismissed Plaintiffs' claim for injunctive relief, *id.* at 17.  The Court denied the motion based on the controversy exception to Class Action Fairness Act jurisdiction, *id.* at 14, and the voluntary payment doctrine, *id.* at 19.

## BACKGROUND

The following facts are drawn from Plaintiffs' Amended Complaint and assumed to be true for the purposes of this motion.

Plaintiffs assert that they were overcharged for copies of their medical records, which they sought from Hospital Defendants and were provided by Ciox.  ECF No. 48, ¶¶ 1, 37, 40, 44, 54, 58, 65, 74, 77, 81, 84, 88, 91.

Ciox manages and produces medical records for health care providers, including Hospital Defendants.  *Id.*, ¶ 14.  Ciox has contracts with Hospital Defendants to: (1) respond to requests for medical records; and (2) produce such records to patients and other qualified persons.  *Id.*, ¶ 27.

Ciox obtained these contracts by offering "kickbacks" to Hospital Defendants.  *Id.*, ¶ 28.  More specifically, Ciox, acting on behalf of Hospital Defendants, would charge Plaintiffs more than the actual cost to produce their records, and Defendants would split the excess.  *See id.*, ¶ 3 (alleging that Defendants manipulated the charges for medical records by charging artificially inflated amounts that included built-in kickbacks from Ciox to Hospital Defendants); *id.*, ¶ 31 (alleging that kickbacks that Ciox offered Hospital Defendants were built into the amounts charged); *id.*, ¶ 32 (alleging that Defendants conspired to charge more than the actual cost and split the profit); *id.*, ¶ 117 (alleging that Hospital Defendants retained a portion of Plaintiffs' payments "in the form of improper kickbacks or other compensations from [Ciox]").

## LEGAL STANDARDS

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).  A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009).  A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness."  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks and citation omitted).  "[O]n a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case."  *Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101, 104 (S.D.N.Y. 2019) (internal quotation marks and citation omitted).

## DISCUSSION

### I.  *Ortiz* and Public Health Law § 18

Plaintiffs' first cause of action alleges that Defendants violated PHL § 18.  ECF No. 48, ¶¶ 106-13.  PHL § 18(2)(e) states that health care providers "may impose a reasonable charge for all inspections and copies [of medical records], not exceeding the costs incurred by such provider" and "not exceed[ing] seventy-five cents per page."  N.Y. Pub. Health L. § 18(2)(e).  The New York Court of Appeals, in answering a certified question from the Second Circuit, concluded in *Ortiz v. Ciox Health LLC*, 37 N.Y.3d 353, 364 (2021), that there is no private right of action for violations of PHL § 18(2)(e).

Plaintiffs concede to judgment on the pleadings as to their first cause of action under PHL § 18.  ECF No. 141 at 13.  Based on Plaintiffs' concession and the Court's review of *Ortiz*, the

Court agrees that Plaintiffs' PHL § 18 claim must be dismissed and grants Defendants' motion as to this claim.

## II.      General Business Law § 359 and Unjust Enrichment

Defendants argue that Plaintiffs' GBL § 349 and unjust enrichment claims should be dismissed because those claims are dependent upon Plaintiffs' claim that Defendants violated PHL § 18(2)(e), for which there is no private right of action. *See* ECF No. 134-1 at 8 ("As plaintiffs' complaint makes clear, each of plaintiff[s'] claims is directly founded on and derivative of PHL § 18. After *Ortiz*, no individual can bring a private claim of any kind related to the charges for medical records, no matter how it is cast or dressed up.").

The Court agrees that if these remaining claims are wholly reliant on PHL § 18(2)(e), they must be dismissed. *See Schlessinger v. Valspar Corp.*, 21 N.Y.3d 166, 171-72 (2013) (disallowing common law claims that would "invite a backdoor" to enforce a statute found to lack a private right of action). But Plaintiffs argue that the Amended Complaint sets forth allegations to support these claims independent of PHL § 18. *See* ECF No. 141 at 13 ("*Ortiz* does not preclude Plaintiffs' NYGBL § 349 claim because it alleges freestanding deceptiveness."); *id.* at 17 (arguing that such freestanding deceptive conduct, in the form of a kickback scheme, is also the basis of a well-pleaded unjust enrichment claim). Therefore, the Court turns to each of these claims and the allegations that purport to support them.

### A.  General Business Law § 349 Claim

GBL § 349(a) states, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. L. § 349(a). To state a claim under this statute, a plaintiff must allege sufficient facts as to three essential elements: (1) the challenged act or practice was consumer-oriented; (2) the

practice was misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deceptive act. *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (N.Y. 2000). "The rule imposes an objective standard by taking into account what a reasonable consumer would do under the plaintiff's particular circumstances." *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 404 (S.D.N.Y. 2010).

Primarily at issue is whether the Amended Complaint alleges that Defendants' conduct was materially misleading. Plaintiffs allege, in part, that they were deceived because a "kickback" scheme existed. *See* ECF No. 48, ¶ 132 ("Among other things, Defendants violated [GBL § 349] by: [1] [c]onspiring to manipulate the amount charged for medical records and artificially inflate those charges in excess of the actual cost; . . . [and 2] [e]ngaging in a secret and improper kickback scheme in connection with requests for medical records."); ECF No. 141 at 15 ("[T]he scheme is misleading—and violative of § 349."). Plaintiffs explain more specifically in their motion papers that the scheme was to manipulate the cost of providing Plaintiffs' medical records in order to "subsidize" the cost of other people's records that Hospital Defendants were obligated to provide third parties. ECF No. 141 at 13-14.[5] However, "[t]he phrase 'deceptive acts or practices' under the statute is not the mere invention of a scheme or marketing strategy, but the actual misrepresentation or omission to a consumer." *Chiste*, 756 F. Supp. 2d at 402.

---

[5] Plaintiffs further describe the scheme with citation not to the Amended Complaint but to a deposition of Ciox's representative. *See* ECF No. 141 at 14. Plaintiffs have not argued that the deposition is integral to the Amended Complaint such that the Court may consider it without converting the motion to one of summary judgment. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (explaining that a court may consider extrinsic materials without converting the motion if they are integral to the complaint). And the Court otherwise declines to convert Defendants' motion. *See Stephens v. Bayview Nursing & Rehab. Ctr.*, No. 07-CV-0596, 2008 WL 728896, at *2 (E.D.N.Y. Mar. 17, 2008) ("Federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion, and thus complete discretion in determining whether to convert the motion to one for summary judgment." (internal quotation marks and citation omitted)).

Focusing on the alleged misrepresentation, Plaintiffs argue that they "unknowingly [bore] the cost of Ciox's participation in the scheme by paying the overcharges.  In other words, patients pa[id] for *both* the copies of their own medical records they receive from Ciox *and* for [Hospital Defendants'] 'courtesy' copies."  ECF No. 141 at 14.

The fact that Plaintiffs paid more than the actual cost of reproducing their records cannot serve as a basis of deception.  Such a claim would circumvent *Ortiz*'s conclusion that there is not a private right of action for PHL § 18.  *See Schlessinger*, 21 N.Y.3d at 171-72.  Furthermore, caselaw generally establishes that charging more than actual cost and generating a profit is not inherently deceptive.  *See Zuckerman v. BMG Direct Mktg.*, 290 A.D.2d 330, 330-31 (N.Y. App. Div. 2002).

Therefore, reading the Amended Complaint in the light most favorable to Plaintiffs, the claim depends on allegations that Plaintiffs were misled about how their fees were used.  *See* ECF No. 48, ¶ 3 ("These artificially inflated amounts . . . include built-in kickbacks."); *id.* at ¶ 132(e) (alleging that Defendants failed to disclose to Plaintiffs the kickback scheme); *see also* ECF No. 147 at 8 (arguing that Defendants "misrepresented what their fees would buy").  But because the Court has concluded that claims related to charging more than actual cost are not viable under New York law, the fact that Defendants did not inform Plaintiffs of how they spent their excess profit is not a basis for relief.  To conclude otherwise would require businesses to set out in their invoices an explanation of how they use their profit—which could be, *inter alia*, to fund unrelated litigation or make acquisitions.

The only way Plaintiffs could have been misled to believe that Defendants would not use part of their fees to pay for other business expenses is if they thought that they were paying no more than the actual cost to reproduce the records—which in turn is only reasonable in connection

with PHL § 18.   Therefore, such a theory is dependent on PHL § 18 and does not exist independently.   *Cf. Martinez v. Lvnv Funding, LLC*, No. 14-CV-00677, 2016 WL 5719718, at *3 (E.D.N.Y. Sept. 30, 2016) ("[A] plaintiff may properly plead a claim under GBL § 349 that might also overlap with a claim under [PHL § 18] if the plaintiff can set forth a free-standing claim under Section 349.").   Under the facts of this case, not knowing how each cent is being used is not the same as being deceived.

Plaintiffs may feel taken advantage of or that it is unfair that they subsidized the cost of producing other people's medical records.   But that does not mean they were, or that they have pled that they were, materially deceived.   *See Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d 410, 414 (S.D.N.Y. 2004) ("[A] material claim is one that 'involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product.' . . . Because [Plaintiffs'] Amended Complaint contains no allegation regarding materiality, it is insufficient to state a claim under Section 349."); *see also Blessing v. Sirius XM Radio Inc.*, 775 F. Supp. 2d 650, 656 (S.D.N.Y. 2011) (concluding in a federal consumer protection claim that ordinary consumers make purchasing decisions based on the price they must pay and the value they expect to receive—not on how it was calculated and what business expenses it was used to offset); *Quezada v. Franklin Madison Grp., LLC*, No. 19cv2153, 2020 WL 5819824, at *5 (S.D. Cal. Sept. 29, 2020) ("Although reasonable consumers consider price to be an important factor, the complaint does not explain why the particulars of how that price is arrived at would be material. . . . What a seller chooses to do with the markup included in the prices buyers pay is of no legitimate concern to the buyers."); *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036, 1046 (C.D. Cal. 2008) ("Additionally, plaintiffs allege that defendants' practice is 'unfair' because they do not disclose the basis or nature of the $250 'Administrative Fee' as part of the overall

contract price.  However, plaintiffs agreed to pay the contract price irrespective of the components included in that price."), *aff'd*, 349 F. App'x 174 (9th Cir. 2009).

Therefore, the Court dismisses Plaintiffs' GBL § 349 claim.

## B.  Unjust Enrichment Claim

"The essential inquiry in any action for unjust enrichment . . . is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered."  *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) (internal quotation marks and citation omitted).  "[U]njust enrichment is not a catchall cause of action to be used when others fail.  It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff.  Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled."  *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790-91 (2012).  Therefore, "in order to adequately plead such a claim, the plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered."  *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (internal quotation marks and citation omitted).

Plaintiffs argue that they adequately pled that Defendants benefitted from a kickback scheme: Ciox obtained contracts with Hospital Defendants by offering "kickbacks," ECF No. 48, ¶ 28; Plaintiffs were charged an excessive fee for copies of their medical records, ECF No. 48, ¶ 133; and Defendants split the profit—the excess of the actual cost to reproduce Plaintiffs' records, *id.*, ¶ 32.  Plaintiffs assert that it is "self-evident" that Defendants benefited at their

expense, as Plaintiffs paid "overcharges" that fueled Defendants' kickback scheme.  ECF No. 141 at 18.

But try as they might to make it something different, Plaintiffs' Amended Complaint and claim boil down to Defendants making a profit.  *See e.g.*, ECF No. 48, ¶ 118(b) ("The [Hospital Defendants] conspired with [Ciox] to manipulate the amount charged for medical records and artificially inflate those charges in excess of the actual cost to produce such records, in order to receive kickbacks from [Ciox]"); *id.*, ¶ 125(b) ("[Ciox] conspired with [Hospital Defendants] and other health care providers in New York to manipulate the amount charged for medical records and artificially inflate those charges in excess of the actual cost to produce such records.").  And that cannot serve as the basis of an unjust enrichment claim.  *See Smith v. Chase Manhattan Bank, USA, N.A.*, 741 N.Y.S.2d 100, 102-03 (N.Y. App. Div. 2002) ("The plaintiffs failed to state a cause of action to recover damages for unjust enrichment since the members of the plaintiffs' class who made purchases of products and/or services received a benefit.  There being no allegation that the benefits received were less than what these purchasers bargained for, it cannot be said that the commissions paid by the third-party vendors to Chase belong to the plaintiffs as a matter of equity."); *He v. Apple, Inc.*, 139 N.Y.S.3d 409, 412 (N.Y. App. Div. 2020) ("[T]here is nothing inherently inequitable in [defendant] making money from a legitimate transaction.").

And without consideration of PHL § 18, Plaintiffs make "no allegations that those profits rightly belong to [them] or that circumstances existed . . . that would render it inequitable for [Defendants] to keep them."  *He*, 139 N.Y.S.3d at 412; *Tasini v. AOL, Inc.*, 851 F. Supp. 2d 734, 744 (S.D.N.Y. 2012) ("While the defendants undoubtedly benefited from their transactions with the plaintiffs, there is no indication that the plaintiffs should not have . . . expect[ed] . . . as much."), *aff'd*, 505 F. App'x 45 (2d Cir. 2012) (summary order).  As with the deceptive practices claim, not

appreciating how a company uses your money after you have paid for its services does not make it inherently inequitable for the company to retain its profit. *See Tasini v. AOL, Inc.*, 505 F. App'x 45, 47 (2d Cir. 2012) (summary order) ("Though it is no doubt a great disappointment to find that [defendant] did not live up to the ideals plaintiffs ascribed to it, plaintiffs have made no factual allegation that, if taken as true, would permit the inference that [defendant] deceived the plaintiffs or otherwise received a benefit at the expense of the plaintiffs.").

Therefore, the Court agrees that Defendants are entitled to judgment on the pleadings and dismisses the cause of action.

## III.   Motion for Leave to Amend

Plaintiffs move for leave to amend and file a second amended complaint under Federal Rules of Civil Procedure 15(a) and Rule 16(b). In balancing Rule 15(a)'s liberal standard to allow amendments and Rule 16(b)'s requirement that a scheduling order "shall not be modified except upon a showing of good cause," Plaintiffs argue that they "seek to amend to add new information they gained in discovery that occurred after the deadline to amend the pleadings" and that they timely "moved to amend less than two months after the expiration of a stay that precluded them from adding the new evidence that came to light during discovery." ECF No. 141 at 20. They also note that the case has been a "standstill much of [the] time" against their consent. *Id.* at 21.

While Plaintiffs may have established good cause, the Court finds that amendment would be futile. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) ("[M]otions to amend should generally be denied in instances of futility."). Plaintiffs argue that the new evidence "illustrates the depth and the deception at issue." ECF No. 141 at 22. But this Court has carefully considered the proposed amended pleading, and agrees that it simply "adds detail," *id.*, to the underlying allegations which this Court has concluded are insufficient to state a claim of

deception or unjust enrichment, or otherwise seeks to circumvent the conclusion in *Ortiz* that there

is no private right of action for violations of PHL § 18(2)(e).[6]  *See, e.g.*, ECF No. 142, ¶ 119(g)

(alleging that Defendants deceived Plaintiffs by charging add-on electronic delivery fees "in an

attempt to circumvent the statutory maximum under New York law").

Accordingly, Plaintiff's motion for leave to amend is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings, ECF No.

134, is GRANTED, and Plaintiffs' motion for leave to file a second amended complaint, ECF No.

140, is DENIED.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:  August 18, 2022
Rochester, New York

_____
FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF NEW YORK

---

[6] The most significant new allegation that goes to Plaintiffs' unjust enrichment claim is that Plaintiffs were unable to acquire these records from any other source.  ECF No. 142, ¶ 32.  There may be an argument then, that Defendants should not in good conscience charge and retain an "exorbitant" profit, *id.*, ¶ 7, when Plaintiffs are unable to enter the market to obtain their records elsewhere for a more reasonable fee.  However, as the Court has already noted, that a defendant has made a profit from a transaction is not a basis for an unjust enrichment claim.  And Plaintiffs have cited no cases concluding that the fact a plaintiff could not obtain the service elsewhere changes the unjust enrichment analysis.

Additionally, Plaintiffs allege that Defendants "represent[ed] and purport[ed] that they [were] charging Plaintiffs and Class members within the provisions of New York Public Health Law § 18 at a cost of $0.75 per page, even for electronic records."  *Id.*, ¶ 42.  However, most of the named Plaintiffs received their records electronically, belying any allegation that they were misled to believe that Defendants were complying with PHL § 18's provision that "the reasonable charge for paper copies shall not exceed seventy-five cents per page."  To the extent Plaintiffs allege that Defendants misrepresented that they were otherwise complying with PHL § 18, the Court concludes that such allegations seek to circumvent *Ortiz*'s conclusion that there is no private right of action for violations of PHL § 18(2)(e).  *See Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001).